IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM KELLY WARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:10-CV-2101-N |
| | § | (death-penalty case) |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING
APPLICATION FOR AUTHORIZATION OF FUNDS**

On December 27, 2011, Adam Kelly Ward ("Petitioner") applied for the authorization of funds to retain the services of a psychiatrist (doc. 31). *See* 18 U.S.C. § 3599. He seeks $7,500 to develop two related habeas claims: (1) a violation of the right to effective assistance of counsel due to trial counsel's deficient sentencing investigation, and (2) an Eighth Amendment claim that he is exempt from the death penalty due to severe mental illness. Rick Thaler ("Respondent") has filed a response in opposition (doc. 32). The Court denies the application for the following reasons.

**Applicable Law**

A district court may authorize expenditures up to $7,500 for investigative or expert services that the court finds to be "reasonably necessary." *See* 18 U.S.C. § 3599(f), (g). In determining what is reasonably necessary, courts have generally looked at whether the proposed services can be tied to a viable constitutional claim. *See Woodward v. Epps,* 580 F.3d 318, 334 (5th Cir. 2009) (discussing and applying identical predecessor statute, 21 U.S.C. § 848(q)(9)); *Fuller v. Johnson,* 114 F.3d 491, 502 (5th Cir. 1997). A district court does not abuse its discretion in denying funding when a petitioner has "(a) failed to supplement his funding request with a viable constitutional claim

that is not procedurally barred, or (b) when the sought-after assistance would only support a meritless claim, or (c) when the sought-after assistance would only supplement prior evidence." *Id.* (quoting *Smith v. Dretke*, 422 F.3d 269, 288 (5th Cir. 2005)).

Even where a petitioner ties the requested services to a viable claim of a constitutional dimension, however, the statute is not intended to fund fishing expeditions. *See, e.g., Lynch v. Hudson,* No. 2:07-cv-948, 2009 WL 3497486, *14 (S.D. Ohio Oct. 29, 2009) (denying request made "out of an abundance of caution" to re-investigate mental retardation claim through additional testing). While § 3599(f) entitles a petitioner to reasonably necessary expert or investigatory services, it does not authorize federal habeas retrials. *See Williams v. Taylor*, 529 U.S. 362, 386 (2000) (Stevens, J., plurality op.) (explaining the purposes of the Anti-Terrorism and Effective Death Penalty Act).

In evaluating the need for ancillary services, the Court is also mindful of the presumption of correctness given to the state court findings. *See* 28 U.S.C. § 2254(e)(1). In addition, evidentiary development of a claim in federal court would be inappropriate when the habeas petitioner has failed to develop the factual basis for the claim in the state-court proceedings. *See* 28 U.S.C. § 2254(e)(2).

### Deficient Sentencing Investigation

Ward's primary contention is that a diagnosis of antisocial personality disorder made by the defense expert at trial could not have been accurate because it was based on a deficient investigation into Ward's mental health prior to age fifteen. He states that federal habeas counsel has conducted a new investigation into Ward's mental health history and has located and interviewed "many mental health professionals that treated Mr. Ward throughout his life, members of Mr. Ward's extended family, [and] many other necessary witnesses." (*Application*, p. 3.). Ward asserts that, with the requested funds, "he would be able to present the information learned from this investigation to a

psychiatric expert so that the expert could accurately diagnos[e] Mr. Ward's mental illness." (*Application*, p. 3-4). He concludes that a new diagnosis would be relevant to proving the prejudice required for the ineffective-assistance-of-counsel claim based on a deficient sentencing investigation.[1] Respondent argues that the funding is not reasonably necessary because it would merely supplement the ineffective-assistance-of-counsel claim that was developed in the state court. Respondent also asserts that a new expert opinion could not be considered by this Court in reviewing the state habeas court's ruling under 28 U.S.C. § 2254(d)(1) (doc. 32).

*Reasonable Necessity*

The application for funds does not identify the information Ward intends to present to the new expert, nor does it state how or even whether such information differs from the evidence considered by the previous expert. Ward does not identify the new expert by name or experience nor does he provide a budget as to how the funds–which are the maximum amount that this Court may authorize for all ancillary service providers in the case–would be used. Ward's intention to present undisclosed information to an unknown psychiatrist who will then use the information in an unspecified manner fails to explain how a new psychiatric expert could verify his allegations against trial counsel.

Further, although the Court does not yet have the state habeas record, both parties agree that the state habeas team included a mitigation specialist named Toni Knox, whose 32-page report was presented to the state habeas court in support of this ineffective-assistance claim. (*Application*, p. 7-8; *Response*, p. 4). According to Respondent, Ms. Knox interviewed a psychologist who had

---

[1] For a claim of deficient mitigation investigation in a capital proceeding, the prejudice component requires the newly discovered mitigation evidence (in this case, the proposed new diagnosis) to be re-weighed against the aggravating evidence. *See Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

3

evaluated and treated Ward over several years. (*Response*, p. 4). Ward fails to discuss the content of Ms. Knox's report or allege any deficiencies within it. As such, it does not appear that Ward was denied a full and fair opportunity to develop this issue in state court, but only that the litigation did not end in his favor.

In short, the application for funds lacks specificity and overlooks the factual development of this issue in the state habeas court. Because of these shortcomings, it fails to demonstrate that a substantial question about Ward's mental state still remains and reasonably needs further development. *See Barraza v. Cockrell*, 330 F.3d 349, 352 (5th Cir. 2003) (upholding denial of funding for additional psychiatric assistance where state habeas efforts apparently did not produce the evidence that Barraza claimed his trial counsel should have located); *see also Bell v. True*, 366 F. Supp. 2d 403, 407-08 (N.D. Va. 2005) (denying request for investigator as a duplicative fishing expedition where petitioner fails to present facts explaining how additional investigation could confirm his allegations that the state's trial witnesses were not credible, when prior investigation failed to do so).

*Limitation on this Court's Use of New Evidence*

Even if Ward could show a reasonable necessity for the funds he seeks, he fails to demonstrate how a new expert opinion might be considered by this Court at this time. It appears from the briefing that the allegations against trial counsel's sentencing investigation were exhausted in state court and decided against Ward on the merits. (*Application*, 5, 13). For claims decided on the merits, a federal habeas court's review of the reasonableness of the state court decision is limited to the record that was before the state court. *See* 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011); *Rabe v. Thaler*, 649 F.3d 305, 308-09 (5th Cir. 2011) (reviewing reasonableness of state-court decision under § 2254(d) based only on the state-court record, despite

district court's expansion of the record through live testimony and affidavit); *Pape v. Thaler*, 645 F. 3d 281, 288 (5th Cir. 2011) (concluding district court erred in conducting hearing and relying on evidence from that hearing to grant habeas relief); *see also Soto Fong v. Ryan*, No. CV 04-68-TUC-DCB, 2011 WL 3439237, *15 (D. Ariz. Aug. 5, 2011) (denying, based on *Pinholster*, requests for discovery, expansion of the record, and evidentiary hearing because petitioner failed to satisfy either prong of § 2254(d)). *But see Conway v. Houk*, No. 2:07-cv-947, 2011 WL 2119373, **2-4 (S.D. Ohio May 26, 2011) (granting discovery motion in death penalty case despite opposition based on *Pinholster*). While state prisoners sometimes submit new evidence in federal court, federal habeas statute is designed to strongly discourage them from doing so. *See Pinholster*, 131 S.Ct. at 1401. Thus, Ward has not overcome legislative limitations on this Court's use of evidence that was not before the state court.[2]

## Eighth Amendment Claim

Petitioner also seeks funding to develop a claim that he is categorically exempt from execution under the Eighth Amendment because he is severely mentally ill. Respondent asserts that the claim is not entitled to funding because it is unexhausted and procedurally barred. Respondent also argues that the mental illness claim is not recognized under federal law and is therefore barred on collateral review under *Teague v. Lane*, 489 U.S. 288, 301 (1989).

---

[2]The application contains a section entitled, "The record presented to the state habeas court demonstrates that its decision to deny relief on Mr. Ward's ineffective assistance of counsel claim was contrary to clearly established federal law, as determined by the Supreme Court." (*Application*, pp. 5-13). At first glance, this appears to be an attempt to overcome the deference owed to state court decisions under § 2254(d), on the ground that the state court decision was an unreasonable application of federal law. The body of the argument, however, does not address the reasonableness of the state habeas court's conclusions or even identify what those conclusions were. It only repeats the argument that was presented in state habeas court using the state habeas evidence favorable to Ward's position. (*Application*, p. 8, 11-12).

Procedural default occurs in federal habeas court when a petitioner fails to exhaust all available state remedies and the state court to which he would be required to petition would now find the claim procedurally defaulted. *Bledsoe v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). Procedural default may be excused, however, if the petitioner can establish either (1) cause and prejudice for the failure to raise the claim at the state level or (2) that the failure to consider the claim on the merits would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 750 (1991) (holding that procedurally defaulted claims that may not be presented in state habeas court absent a showing of cause and prejudice or a miscarriage of justice). For purposes of this discussion, a miscarriage of justice means that but for a constitutional error, the petitioner would not have been legally eligible for a sentence of death. *See Sawyer v. Whitley*, 505 U.S. 333, 335 (1992).

Ward agrees the Eighth Amendment claim is unexhausted but urges the Court to find cause and prejudice to excuse the procedural default based on state habeas counsel's ineffective assistance. He acknowledges, however, that the ineffective assistance of state habeas counsel does not excuse procedural default. *See Ries v. Quarterman*, 522 F.3d 526 n.5 (5th Cir. 2008). This is because there is no constitutional right to counsel in state post-conviction habeas-corpus proceedings. *See id.*; *Coleman*, 501 U.S. at 752.[3] Accordingly, Ward raises this argument only to preserve it for appellate review. (*Application*, p. 13).

Ward also asserts that the procedural default should be excused under the "miscarriage of justice" exception because he is ineligible for the death penalty due to severe mental illness. This

---

[3] As Ward notes, there are two cases pending in the Supreme Court that may affect the current body of law on this issue. *See Martinez v. Ryan*, No. 10-1001 and *Maples v. Thomas*, No. 10-63. The Supreme Court has yet to issue opinions on these cases, however, and this Court is bound to follow the existing law.

argument, however, is an unrecognized extension of *Atkins v. Virginia*, 536 U.S. 304 (2002) (prohibiting the execution of persons with mental retardation). The Supreme Court has never held that mental illness alone can establish ineligibility for the death penalty, and Ward cites no authority that mental illness renders a death sentence unconstitutional. (*Application*, p. 15). As such, Ward cannot demonstrate that this Court's failure to review his Eighth Amendment claim would constitute a miscarriage of justice. Furthermore, this Court could not, on collateral review, create a new Eighth Amendment exemption to the death penalty based on mental illness. *See Teague*, 489 U.S. at 311. Thus, funding must be denied because Ward has not tied his request for funds to a viable constitutional claim.

For all the foregoing reasons, the Court DENIES the application for authorization of funds (doc. 31).

SIGNED January 11, 2012.

_____
David C. Godbey
United States District Judge